against Berland. Good morning, Your Honor. Julian Mannix on behalf of the counsel. I'll call your name when we're ready. We wait for both lawyers to get seated. Ms. Mannix. Yes. May it please the court. I represent the appellants here. We're here because there were numerous errors in the lower court. It began in the bankruptcy court by the Carroll's own attorney. He mistakenly checked a box saying that her interest in an inter vivos living irrevocable trust to her was an inheritance from her father's estate. There was no estate. All assets passed through this trust. There are two ways of dealing with this trust. One way of dealing with it is saying it's a testamentary trust. So we can say it's more like a will or an inheritance. The other way is recognizing it's an inter vivos trust with a spendthrift clause. If it's truly an inter vivos trust with a spendthrift clause, it is excluded from the bankruptcy estate entirely. If it's an inheritance from an estate, a probate estate, then it's an exemption to the bankruptcy estate because it's part of the bankruptcy estate and you're looking to take the money out of it. There's two different standards. There's two different ways of approaching it. In this case, because it was listed as an inheritance and an exemption, the bankruptcy trustee brought a motion to object the exemption instead of an adversary complaint against the trustee on the exclusion of the trust assets. That's the first error that was compounded in the district court. The confusion is also recognized by the court's order in the bankruptcy court that was drafted by the bankruptcy attorney, the bankruptcy trustee, and that's in appendix 50. And it's an order sustaining trustees objection in an exemption claimed by dinner in inheritance from her father's estate. And again, there was no estate, so there's no inheritance. The district court looked at the matter and found that the trust ended upon Henry, the surviving spouse, the father's death. That is an error because there were so many other duties that were imposed upon the trustee, Gerard Niskowitz, after the death of the father, that he had to administer the trust for quite some time. And that was decided after Judge Chang entered his ruling here. In Safanda, it was clear that the court said, wait a minute, the trust doesn't automatically end upon death. The trust only ends upon full administration, or if there's a termination clause in the trust. In this case, there is a termination clause in the 83, and that's 21 years. Judge Chang said that's a standard clause, a rule against perpetuities, and ignored it and said it had no comp. The judge also found in the district court that upon Henry's death, there was a quote, outright distribution, end quote, to Kathy. That again, was an error. First of all, Kathy had to survive her father for at least 60 days before she could inherit. If she didn't survive for 60 days, nothing could pass to her. She was deemed to be pre-deceased. There was paragraph 77 in the trust says the trustee had the ability to withhold distribution for six months. Then there's numerous paragraphs in the trust that said the trustee has discretion to administer the trust and make distributions, prorata or non-prorata, depending upon taxes, depending upon what other income they had, depending upon other factors. So it was not guaranteed that Kathy had a one third interest that could be distributed the day after her father's death. It just didn't happen. The family bypass trust contains a Spendthrift trust clause. It is a valid Spendthrift trust clause. I don't think there's any doubt that the language used is very clear that it restricts the beneficiary's ability to alienate and the creditor's ability to attach the trust assets. Very clear. That's the first element of validity of a Spendthrift trust. The second element is whether the beneficiary settled the trust and retained the right to revoke the trust. And here again, it's clear. Kathy Carroll is merely a beneficiary of the trust. The trust was settled by Henry and Mary Anna in their lifetime. It contained the marital trust, the surviving spouse trust, a Q-tip trust, and then the family bypass trust. And then third, and the most important factor to determine whether or not a Spendthrift clause is valid, is whether the beneficiary has exclusive and effective dominion and control over the trust. Here it's obvious. Kathy has no control or dominion over any distribution of any assets in that trust. In fact, her interest in that trust is still being held in that trust, so that she can't get at it. It's not being distributed to her. She could ask for it and be denied it because the trustee under the family bypass trust has extensive obligations and discretion to determine whether or not the funds should be distributed to the beneficiary. Finally, there is a mention that the settlers had no intention that the Spendthrift clause was to apply to the children. The only way the Spendthrift clause was going to apply was going to apply to the children in the family bypass trust. The family bypass trust starts at paragraph 40. The Spendthrift clause is at paragraph 82. In the marital trust, in the surviving spouse trust, in the Q-tip trust, there is no Spendthrift trust clause, as there couldn't be, because Mariana and Henry were the settlers of the trust. The Spendthrift trust could not apply to them. It's obvious it was there to apply to the children. I think that with the error of calling it an error later by the court, and then the just court compounded the error more with the termination clause and the outright disposition of the trustee. Thank you. Thank you, Ms. Mannix. Mr. Zolinski. Good morning, Your Honors. Zane Zolinski. I appear on behalf of Joji Takada, who was the successor trustee to Michael Berlin when Michael Berlin retired. Council has addressed some issues from a procedural standpoint. Let me just be clear with respect to those. They filed Schedule B, which says that this was the wife's interest in the father's estate. They exerted an exemption into it. The trustee filed a motion under bankruptcy rule 4003, objecting to that exemption. The court sustained that, and then that was appealed to the district court. There's no need for an adversary proceeding in this case, because all that is being decided is the interest between the trustee and the debtor. We are not seeking any determination regarding the trust at this point, which is what the adversary proceedings and third party for determination, that is rule 7001. Here, we are simply addressing whether or not the debtor has a right to assert an exemption in the residue of the funds that they would receive from this family trust. That is procedurally the issue that's here in front of us with respect to a spendthrift trust. I believe the case law is clear. McCoy talks about... If I could just back up to that point for a minute. The district court more or less converted this to a 541 proceeding in his reasoning. Correct, Your Honor, because that was what was brought forth in front of the court. When the attorneys in the bankruptcy court addressed the exemption issue, they simply started bringing in 541A2, I believe, which is saying that it's exempt because it's a spendthrift trust. Yes, procedurally, there's no exemption for a spendthrift trust. It's either in the estate or not in the estate, but that's not the issue we're talking about. We're talking about when she gets the money from the trust, does she get to keep that, or should that money be turned over to creditors? And again, under 4003, if you don't file that exemption within 30 days of the 341 meeting, that exemption is deemed valid, so the objection is the appropriate way to proceed. With respect to the question of if it's a spendthrift trust or not, creditors, debtors routinely will call things something that they aren't. That's simply what the case is here. She has a residue from a trust. Her father died. She survived that father by 60 days, and under the rights of that trust, she inherited that money. Maybe that's a bad term of art, but that's what's been used here, and that she would have a right to get that money from the trust. Counsel has gone on and they've talked about that there is broad discretion. I disagree. If you read the trust, amended section 45 is clear. When Henry, the father, died, the trustee shall distribute the funds. There is no other reading with respect to that. A spendthrift trust, as McCoy has said, is to provide maintenance and support of another while protecting the beneficiary from squandering the principal and from her own incapacity. That's not what this trust says. Nowhere does it say, after Henry dies, the trust shall be poured over into a new trust. That trustee shall have discretion to withhold principal and make distributions for the benefit of it. They talk about Safanda. Safanda was a very different case than this case. Safanda there, the court found that the trustee had discretion, poured over funds into a new trust prior to the bankruptcy, and there the trustee asserted under 548, a fraudulent transfer action, trying to bring the funds back in the estate. Again, not the case here. Case here is whether or not, when she receives the fund from the trust, whether those funds belong in the debtor's pocket or if they should go to pay creditors. At the time she filed bankruptcy, she had a right to turn to the trustee and say, I have a right to these funds. You need to distribute these funds to me. The council has pointed out a section where they can delay distribution for six months. If you read that section, that section says very clearly that even though there is a delay in distribution, that still does not affect the beneficiary's right, that those rights vested at the time that they should have vested. In this case, Your Honors, what happened is that 60 days after Henry died, Catherine Carroll was still alive. She had a right to receive that distribution and even though she hasn't received it yet, that right vested and therefore those rights belong to the trustee under 541. The trustee has rights in any beneficiary interest that the debtors had at the time of the bankruptcy and those rights passed to them and therefore the trustee and not the debtor has a right to receive this distribution. Anyway, six months long collapsed, right? There was no bankruptcy filing within that six months. Was it within those 60 days? 60 days? No. Yeah. There are two provisions we're talking about. There's one provision that says she has the rights within 60 days and therefore she has the right. The trustee of the trust has discretion to not distribute for six months if it feels it's appropriate, but that section says that even though he delays, that their rights still vest as of the time that they would have had the right to those funds. Right. It's my understanding the reason why there hasn't been a distribution is because the assets aren't liquid. It's mainly a home, right? All the... Based on the last accounting, I'm not sure this is relevant to the case, but I can address it, Your Honor. All the funds have now been distributed. 30 days after the bankruptcy, there was about $76,000 that was available to distribute to Catherine Carroll. The trustee elected not to use those funds and in fact used those funds to pay himself and to pay his attorney, Ms. Maddox, rather than making the distribution or holding those funds. Those are questions that are being addressed in the bankruptcy court, not in this court, but there were funds, they are available, some of those funds being held pending the outcome of this hearing. Again, Your Honors, with respect to this, I think you should affirm the district court's ruling, finding that the interest in this trust vested at the time of the petition and therefore those funds should be transferred to the trustee and they should be distributed. Thank you, Your Honor. Thank you very much. Anything further, Ms. Maddox? To address Your Honor's question about the six months and whether or not the bankruptcy was filed, the bankruptcy was filed within those six months and the assets... After the 60 days, though. Pardon? After the 60 days. I'm sorry. After the 60 days. After the 60 days, but within the six months, which allowed the trustee to hold those funds for those six months. There were other provisions in the trust that we pointed out in our brief that allowed the trustee to either put the funds into another trust and keep and hold them or administer them instead of distributing them to the beneficiary. And according to the trustee's discretion, he did not distribute those funds to Kathy and Kathy has not received those funds. Thank you. Thank you very much, counsel. The case is taken under advisement and the court will be in recess. Thank you.